IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **WFR IP, LLC,**<br>**Plaintiff,**<br><br>v.<br><br>**AMAZON.COM, INC.,**<br>**Defendant** | **Civil Action No. 1:24-cv-00404**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, WFR IP, LLC, ("WFR") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of US Patent No. 9,438,984 ("the '984 patent") and US Patent No. 7,505,793 ("the '793 patent") (or collectively the "Patents-in-Suit") by Amazon.com, Inc. ("Amazon" or "Defendant").

**I.     THE PARTIES**

1.     WFR IP LLC is a Texas limited liability corporation with its principal place of business located in Travis County, Texas.

2.     On information and belief, Defendant is a corporation organized and existing under the laws of Delaware.  Defendant has a regular and established place of business at 1401 E McCarty Ln, San Marcos, TX, 78666.  Defendant can be served through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808, at its place of business, or anywhere else it may be found.

**II.    JURISDICTION AND VENUE**

3.     This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's

1

unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

4. This United States District Court for the Eastern District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

5. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

6. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

7. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Eastern District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Eastern District of

Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 1401 E McCarty Lane, San Marcos, TX, 78666, and directly and through agents regularly does, solicits, and transacts business in the Eastern District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

8. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

9. The amount in controversy exceeds $75,000 exclusive of interests and costs.

10. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 1401 E McCarty Ln, San Marcos, TX, 78666.

### III.   INFRINGEMENT OF THE '984 PATENT

11. On September 6, 2016, U.S. Patent No. 9,438,984 ("the '984 patent", included as an attachment) entitled "Wearable Electronic Pieces and Organizer" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '984 patent by assignment.

12. The '984 patent relates to novel and improved apparatuses, systems, and methods for an organizer for wearable electronic pieces or wireless communication jewelry.

13. On information and belief, Defendant makes, uses, offers for sale, and sell wireless earpiece and wearable piece products and services through its website and other sources that infringe one or more of claims 1-20 of the '984 patent, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '984 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments, as a whole, to perform, and Defendant's procurement of monetary and commercial benefit from it.

14. Support for the allegations of infringement may be found in the following exemplary tables included as Exhibits B, C, D, E, F and G. These allegations of infringement are preliminary and are therefore subject to change.

15. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use its wearable electronic pieces and wireless communication jewelry) and related products and services such as to cause infringement of one or more of claims 1-20 of the '984 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '984 patent and the technology underlying it

4

from at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this complaint.

16. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., use its wearable electronic pieces and wireless communication jewelry) and related products and services such as to cause infringement of one or more of claims 1-20 of the '984 patent, literally or under the doctrine of equivalents. Further, there are no substantial non-infringing uses for Defendant's products and services. Moreover, Defendant has known of the '984 patent and the technology underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is previously alleged in this complaint.

17. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '984 patent.

**IV.   INFRINGEMENT '793 PATENT**

18. On March 17, 2009, U.S. Patent No. 7,505,793 ("the '793 patent", included as an attachment E) entitled "Data Sharing Using Distributed Cache In A Network Of Heterogeneous Computers" was duly and legally issued by the U.S. Patent and Trademark Office.  Plaintiff owns the '793 patent by assignment.

19. The '793 patent relates to novel and improved apparatuses and systems of wireless earpiece and wearable piece assemblies.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

20. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation one or more of claims 5, 6, 8-11, and 15-19 of the '793 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

21. On information and belief, Defendant's infringement of the '793 Patent has been willful and merits increased damages.

22. On information and belief, Defendant has made no attempt to design around the claims of the '793 Patent.

23. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '793 Patent were invalid.

24. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

25. Plaintiff has been damaged as the result of Defendant's infringement.

26. The claim charts attached hereto as Exhibit I and J describe how the elements of an exemplary claim from the '793 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. These allegations of infringement are preliminary and are therefore subject to change. The accused instrumentality is a wireless headset.

27. On information and belief, Defendant makes, uses, offers for sale, and sells wireless earpiece and wearable piece products and services through its website and other sources that infringe one or more of claims 5, 6, 8-11, and 15-19 of the '793 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '793 patent into service (i.e.,

used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments, as a whole, to perform, and Defendant's procurement of monetary and commercial benefit from it.

28. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., use its wireless earpiece and wearable piece assemblies) and related products and services such as to cause infringement of one or more of claims 5, 6, 8-11, and 15-19 of the '793 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '793 patent and the technology underlying it from at least the filing date of the lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint.

29. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., use its wireless earpiece and wearable piece assemblies) and related products and services such as to cause infringement of one or more of claims 5, 6, 8-11, and 15-19 of the '793 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '793 patent and the technology underlying it from at least the filing date of the lawsuit.[4] For clarity, direct infringement is previously alleged in this complaint.

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

30. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '793 patent.

## V. CONDITIONS PRECEDENT

31. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

## VI. JURY DEMAND

32. Plaintiff hereby requests a trial by jury on issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '984 patent and '793 patents;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant knew (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of

    the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.    a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

    award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for WFR IP LLC*